THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ M. PABÓN ALMODÓVAR, Defendant and Appellant.

No. Cr-62-129.   Decided November 16, 1962.

*Rafael A. Pesquera* for appellant. *J. B. Fernández Badillo,* *Solicitor General,* and *Juan A. Faría, Assistant Solicitor* *General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

José M. Pabón was convicted of involuntary manslaughter by a jury and sentenced to serve fourteen months in jail. He appealed, assigning the commission of two errors.

■ 1. The first assignment refers to the action of the presiding judge in refusing to permit a second testimony by William Espinet, the only witness for the prosecution who testified on the facts, for the purpose of laying down the grounds to impeach his testimony. When the introduction of the evidence by the prosecution came to an end, there was a waiver of the testimony of other witnesses whose names appeared in the back of the information, and among which was policeman Ismael Aguila Galán. After defendant's attorney conferred with this witness he tried to present his statement of a supposedly conflicting version given by the only witness for the prosecution during the course of the investigation of the accident. The prosecuting attorney opposed this on the ground that no rules had been laid down for that purpose and the judge sustained it, in spite of the fact that defendant's attorney explained to him that he had been informed of the contradictory statements upon interviewing witness Aguila. Evidently confused, the judge continuously referred to the fact that the prosecuting attorney had delivered to him the sworn statement obtained from witness Espinet during the investigation by the prosecuting attorney. Nevertheless, defendant's attorney did not formally request that he be permitted to bring Espinet once more to the witness stand. During the course of his argument, he merely limited himself to expressing that "then Espinet would have to be brought in once more. If the law were different, or if the defense were permitted to examine the witnesses of the People, this situation would not occur." Immediately thereafter, both parties and the judge engaged in an argument as to whether or not it was appropriate that the defense examine the witnesses for the prosecution before the trial. But there was no formal request to order the appearance of witness Espinet nor a ruling of the judge in one respect or the other. Given these conditions, the issue can not be raised for the first time on appeal.

■ 2. Appellant complains of the undue intervention of the judge in the examination of the witnesses. We have examined the incidents pointed out, and they actually concern questions directed towards clarifying the testimony given. However, we agree with appellant that certain comments made by the judge were improper and ;unnecessary, but weighing the situation as a whole, we do not believe that they prejudiced defendant. *Cf. People* v. *Aletriz,* 84 P.R.R. 621 (1962).

The judgment rendered by the Superior Court, Arecibo Part, on November 14, 1961 will be affirmed.